```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSE LUIS MOLINA,                   :
                                    :
                    Plaintiff,      :
                                    :    08 Civ. 06383 (PKC)(THK)
      -against-                     :
                                    :    REPORT AND RECOMMENDATION
                                    :
GENERAL LEASING/MANAGEMENT CORP.    :           PRO SE
and URBAN HOME OWNERSHIP,           :
                                    :
                    Defendants.     :
------------------------------------X
```

**TO: HON. P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this action pro se under Title VII of the Civil Rights Act of 1964, alleging employment discrimination in the form of sexual harassment. The case has been referred to this Court for general pretrial supervision. Because Plaintiff states no basis for any type of civil rights or employment discrimination claim against Defendants, the Court respectfully recommends that the Amended Complaint be dismissed pursuant to the screening provision for in forma pauperis actions. See 28 U.S.C. § 1915(e)(2)(B)(ii) (allowing sua sponte dismissal of such cases where a plaintiff "fails to state a claim on which relief may be granted").

The Court finds Plaintiff's Amended Complaint to be all but indecipherable. (See Amended Complaint, dated Aug. 12, 2008 ("Am. Compl.").) His factual allegations identify people, places, and businesses, but they fail to convey the relationship

COPIES MAILED
TO COUNSEL OF RECORD ON 1/26/09

among these elements. (See id.) Because the Court could not grasp the basis for Plaintiff's claim by reading the Amended Complaint, it granted him an opportunity to explain why he brought the case at an initial conference held on January 15, 2008.

The Court can now discern that this action arises out of an incident that occurred while Plaintiff was working as a security guard for U.S. Security Associates ("U.S. Security"). (See Transcript, dated Jan. 15, 2009 ("Tr."), at 2.) Although U.S. Security is not a Defendant here, Plaintiff has a separate lawsuit pending against that company. (See id. at 20.) In the spring of 2008, U.S. Security assigned Plaintiff to work in the lobby of a building located at 494 Eighth Avenue in Manhattan. (See id. at 3.) Defendant General Leasing and Management Corporation ("General Leasing") manages the building, where Defendant Urban Home Ownership is one of the tenants. (See id. at 8-9.)

Plaintiff was at work one night in April when, between 1:00 and 3:00 a.m., he became aware that several people had illegally entered the building. (See id. at 4-5, 10-14.) He overheard these individuals speaking to one another through a door in the lobby that led to a stairwell. (See id. at 11, 13.) He never

saw them, but was able to listen to their conversation. (See id. at 11-12.)

During the discussion, Plaintiff heard the individuals make "sexual" and threatening remarks "to one of their colleagues." (Id. at 5.) Plaintiff claims that they said they "wanted to abuse" their colleague sexually. (Id.) They also referred to "killing" someone (id. at 5), and a "need to get the family arrested" (id. at 11), according to Plaintiff.[1] (See id. at 5, 11.) He felt "afraid," because he "knew that something was going to happen," (id. at 13), but neither he nor his family has since been harmed (see id. at 25). Nevertheless, he believed he had been subjected to "verbal harassment." (Id.)

Plaintiff reported the incident to the police and to his employer. (See id. at 8.) Subsequently, U.S. Security reassigned Plaintiff to work at the Whitney Museum. (See id. at 15.) He continued working there for several months, until he resigned. (See id. at 15, 23.) U.S. Security never took any disciplinary action against Plaintiff because of the incident. (See id. at 20.)

---

[1] Although Plaintiff did not clearly explain whom he understood to be the object of these threats, he implied that he feared his own family would be targeted. He stated, "my family [was] being harmed," and "I felt that my family [was] liable." (Id. at 11)

The Court repeatedly asked Plaintiff to describe how he had been harmed, why Defendants were responsible for the incident, and what relief he was seeking in the lawsuit. (See id. at 15-16, 18-20, 23-24.) In response, Plaintiff provided no basis to conclude that the Amended Complaint states any type of employment or civil rights claim against Defendants. Neither Defendant General Leasing nor Defendant Urban Home Ownership has ever employed Plaintiff. (See id. at 8-9.) In fact, he conceded that he named Urban Home Ownership as a Defendant simply because it is one of the tenants of 494 Eighth Avenue. (See id.)

Furthermore, Plaintiff did not claim that the individuals who "verbal[ly] harass[ed]" him worked for either Defendant. (See id. at 25.)[2] Even construing his allegations in the most favorable light possible, he experienced none of the abuse, violence, or retaliation that the trespassers allegedly threatened to carry out against one of their colleagues. While Plaintiff maintains that "something could have happened," he stated in response to the Court's observation that he was not injured that he "agree[s] . . . because thank[] God nothing

---

[2] Plaintiff speculates that the "intruders" were either criminals or New York City police officers. (See id. at 5.) For that reason he filed a complaint with the New York City Civilian Complaint Review Board ("CCRB"). He alleges that CCRB told him his complaint was unfounded. (See id. at 12.)

happened to me." (Id.)  He also suffered no adverse employment action.  (See id. at 15, 20, 23.)

Like § 1915A, which allows a court to dismiss facially deficient civil actions by prisoners against government officials sua sponte, § 1915(e) provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  The Second Circuit has withheld decision on whether, like § 1915A, § 1915(e) authorizes sua sponte dismissals with prejudice.  Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) ("We see no need to resolve that question at this time as § 1915A permits dismissal with prejudice.") Particularly for in forma pauperis actions, "notice and an opportunity to be heard is often necessary to establish the fairness and reliability of a dismissal."  Abbas, 480 F.3d at 639.  However, such precautions may be unnecessary if "it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective." Mojias v. Johnson, 351 F.3d 606, 610-11 (2d Cir. 2003) (quoting Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999)).

This is just such a case.  Plaintiff has failed to allege either that he experienced any harm that this lawsuit might redress, or that the individuals responsible for the incident are

5

in any way connected to Defendants. Moreover, even if Plaintiff were, hypothetically, able to prove that he was emotionally injured, and could further show that Defendants were somehow responsible, the Court would lack subject matter jurisdiction over his case. Plaintiff's claim would present no federal question, and there is no indication that he would be able to assert diversity of citizenship, since all parties appear to be domiciled in New York.

Because Plaintiff cannot conceivably assert any claim to relief against Defendants, or any basis for jurisdiction, it is "unmistakably clear" that allowing Plaintiff to amend his pleading would be futile. See id.; Carney v. NYS Div. Of Housing and Community Renewal, 976 F. Supp 259, 262 (S.D.N.Y. 1997) (dismissing employment discrimination claims sua sponte pursuant to § 1915(e) where complaint failed to state a claim for relief and court lacked subject matter jurisdiction); see also Van Buskirk v. The New York Times Co., 325 F.3d 87, 92 (2d Cir. 2003) (affirming the dismissal of a complaint with prejudice where "further amendment . . . would be futile"); Nwakocha v. Sadowski, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court . . . has discretion to dismiss with prejudice if it believes that

amendment would be futile or would unnecessarily expend judicial resources.").

Furthermore, the Court has assured the "fairness and reliability of a dismissal" under § 1915 by granting Plaintiff an "opportunity to be heard" about the merits of his action at the January 15 conference. See Abbas, 480 F.3d at 639. At the conclusion of that conference, the Court informed Plaintiff that it would recommend dismissing his case. He will have the opportunity to object to this Report and Recommendation. Thus, there is no need to invite him to "oppose a contemplated sua sponte dismissal" by submitting additional briefing. See id.

For the reasons set forth above, the Court respectfully recommends that the District Court exercise its authority pursuant to § 1915(e)(2)(B)(ii) and dismiss the Amended Complaint with prejudice. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time

for filing objections must be directed to Judge Castel. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:   January 26, 2009
         New York, New York


Copies mailed this date to:

Jose L. Molina
552 Atlantic Avenue
Box 211
Brooklyn, New York 11217

Jeffrey T. Strauss
Wachtel & Masyr, LLP
110 East 59th Street
New York, NY 10022